*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0023p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

GEORGE A. LEFEVERS,

　　　　　　*Plaintiff-Appellant,*

　　*v.*

GAF FIBERGLASS CORPORATION,

　　　　　　*Defendant-Appellee.*

No. 00-5667

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 99-00001—Todd J. Campbell, Chief District Judge.

Argued: January 11, 2012

Decided and Filed: January 27, 2012

Before: MARTIN, SUHRHEINRICH, and COLE, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Christopher K. Thompson, Nashville, Tennessee, for Appellant. Frederick T. Smith, SEYFARTH SHAW, Atlanta, Georgia, for Appellee. **ON BRIEF:** Christopher K. Thompson, Nashville, Tennessee, for Appellant. Frederick T. Smith, Donna L. Keeton, SEYFARTH SHAW, Atlanta, Georgia, for Appellee.

———————————

**OPINION**

———————————

　　BOYCE F. MARTIN, JR., Circuit Judge. George Lefevers appeals the dismissal of his age discrimination suit. As Tolstóy wrote, "We do not beat the Wolf for being gray, but for eating the sheep."[1] Lefevers has failed to show that age discrimination,

---

[1] COUNT LEV N. TOLSTÓY, *The Wolf and the Hunters*, *in* 12 THE COMPLETE WORKS OF COUNT TOLSTÓY 31 (Leo Wiener trans., Dana Estes & Co. 1904) (1869-72).

rather than his poor performance, motivated his termination.  For the reasons that follow, we **AFFIRM**.

## I.

Lefevers was terminated from his job as shift supervisor at GAF Fiberglass Corporation's Nashville plant in August 1998.  He was fifty-eight years old at the time of his termination.  He claims that he was terminated because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-101, *et seq.*

In support of his claim, Lefevers offers evidence of several statements made by GAF employees, evidence regarding performance appraisals and related communications, and assertions of having been replaced by another employee.  Lefevers's performance appraisals for the periods before 1997 were positive or average; his 1997 appraisal was negative.  Lefevers sought to have the 1997 appraisal changed to a more positive evaluation, but GAF refused to change it.

GAF states that Lefevers was terminated as part of a reduction in force.  After Lefevers's termination, Tom Ladd, then-active General Supervisor, assumed supervisory responsibility for the shift Lefevers formerly supervised.

Following his termination, Lefevers filed this lawsuit in federal court.  GAF moved for summary judgment on Lefevers's claims and the district court granted the motion.  Lefevers appealed, but the case on appeal was stayed due to GAF's 2001 bankruptcy.  GAF's reorganization plan was confirmed in 2009.  The automatic stay is no longer in effect, and the appeal is now before this Court.

## II.

"We review a district court's grant of summary judgment *de novo*."  *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (citation omitted).  Summary judgment is proper if the materials in the record "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  "In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party."  *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

III.

"The [Age Discrimination in Employment Act] prohibits an employer from discharging an employee 'because of such individual's age.'"  *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010) (quoting 29 U.S.C. § 623(a)(1)).  "An employee may establish a claim under the [Act] by offering either direct or circumstantial evidence of age discrimination."  *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (citing *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997)).  "The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination."  *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000)) (internal quotation marks omitted).

"We apply the same analysis to age-discrimination claims brought under the [Tennessee Human Rights Act] as those brought under the [Age Discrimination in Employment Act]."  *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 620 (6th Cir. 2006) (citations omitted).

A.

Lefevers alleges that several statements were made that are direct evidence of discrimination.  He alleges that, in late 1996 or early 1997, John Stromme, a GAF employee, referred to United States presidential candidates as "old" Bob Dole and "dumb" Bill Clinton; that in 1997, Stromme asked Lefevers and other employees, "When are you going to retire?"; and that in the first quarter of 1997, Stromme told older shift supervisors, "We realize you guys are getting old and would like to know if any of you are going to retire."  Lefevers alleges that, in the fall of 1997, Mary Hall, a GAF human

resources manager, stated in a staff meeting, "There are some elderly supervisors that we have to do something with within the next year."  Finally, Lefevers alleges that, in April 1999, John Toms, the Nashville plant regional manager, stated, "I don't understand why you older employees–old employees think we're trying to get rid of you.  We need you to run this plant."

At the summary judgment stage, this Court must assume that these alleged statements were made.  Even so, "'[s]tatements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself [can not] suffice to satisfy the plaintiff's burden . . .' of demonstrating animus."  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998) (second alteration in original) (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring)).  Lefevers has not offered evidence to show that the general statements about the age and impending retirement of GAF employees were made or relied upon by Ron Franklin, the GAF Nashville plant manager, in his decision to terminate Lefevers.  While Hall's statement might otherwise be considered probative of discriminatory intent on her part, it was made two years prior to Lefevers's termination.  Toms's statement tends to cut against Lefevers's argument, because it shows a desire to retain, not to terminate, older employees.  In all cases, Lefevers has offered no evidence that these statements were considered by Franklin in his decision to terminate Lefevers.

As to Stromme's statement regarding retirement, questions concerning an employee's retirement plans do not alone constitute direct evidence of age discrimination.  *See, e.g.*, *Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.*, 12 F.3d 1382, 1395 (6th Cir. 1993) (finding that suggestions by law firm shareholders that an attorney retire are not alone sufficient to support a finding of age discrimination).  Here, Lefevers does not allege that GAF employees suggested that he retire, but that they merely inquired generally about his, and others', plans regarding retirement.

Finally, as the district court held, the statements made by Stromme, a nondecisionmaker, in late 1996 or early 1997 about "old" Bob Dole are neither temporally nor topically related to Lefevers's discharge.  *See Phelps v. Yale Sec., Inc.*,

986 F.2d 1020, 1025-26 (6th Cir. 1993).  None of these statements constitutes direct evidence of discriminatory intent, and the district court did not err in holding that Lefevers failed to present direct evidence of discriminatory intent sufficient to withstand summary judgment.

B.

Under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), if a plaintiff cannot prove discriminatory intent by direct evidence, he may do so by making a prima facie case of age discrimination through indirect or circumstantial evidence.  *See Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008).  Once a prima facie case has been made, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action.  *Kline*, 128 F.3d at 348.  "Once the defendant meets this burden, 'the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation'" as pretextual.  *Martin*, 548 F.3d at 410-11 (quoting *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083 (6th Cir. 1994)).

Even assuming that Lefevers has made a prima facie case, he has not shown that GAF's reasons for terminating him were pretextual.  GAF asserts that Lefevers was selected for discharge as part of a reduction in force because his job performance was inadequate.  GAF has offered evidence to substantiate its reasons for his termination.  As to Lefevers's poor job performance, GAF offered evidence including Lefevers's performance reviews; memoranda concerning his behavior around other employees; written warnings concerning his behavior; and evidence that he had not satisfied the goals of a personal performance plan.  As to its assertion that it was undergoing a reduction in force, GAF offered evidence that it was exiting a line of business; evidence of its elimination of certain employment positions, including positions analogous to Lefevers's at two other plants in Chester and Savannah; and evidence that GAF left certain open positions unfilled.  Further, GAF's subsequent bankruptcy during the pendency of this appeal lends credence to GAF's assertion that the company was undergoing a reduction in force in an attempt to ward off bankruptcy.  GAF has provided

sufficient evidence under the *McDonnell Douglas* framework to shift the burden to Lefevers to show pretext.

For a plaintiff to show pretext, he must show the employer's given reason for its conduct "had no basis in fact, did not actually motivate the defendant's challenged conduct, or was insufficient to motivate the defendant's challenged conduct." *Schoonmaker*, 595 F.3d at 268 (citations omitted); *see also Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 434 (6th Cir. 2002).

Lefevers has not produced evidence sufficient to show that GAF's explanation for its termination of his employment was pretextual. First, as discussed above, there are substantial uncontroverted facts supporting the assertion that GAF was undergoing a reduction in force and that Lefevers's performance evaluations reflected GAF's legitimate assessment that his performance on the job had declined to an inadequate level. Though Lefevers disputes aspects of the contents and context of the performance appraisals, his disagreement with GAF's "assessment of his performance . . . does not render [GAF's] reasons pretextual." *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). For these reasons, we hold that Lefevers has not shown GAF's stated reason for his termination had no basis in fact.

Second, Lefevers has not shown that GAF's stated reason for his termination did not actually motivate the challenged conduct. The evidence that bears most strongly on this issue is that GAF retained employees near or above Lefevers's age in positions analogous to his own. Immediately before he was terminated from his position as shift supervisor, there were four shift supervisors at the GAF Nashville plant: Lefevers (age 58), Boone Shaver (age 61), Jim Hamilton (age 55), and Pat Moses (age 51). All but Lefevers were retained as shift supervisors; all are older than forty and thus also members of the class protected by the Act; and Shaver is actually older than Lefevers. We have held, in similar circumstances, that there is no inference of age discrimination. *See Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 268 (6th Cir. 1986) (finding no inference of discrimination where "both of the men retained were also in the protected age category"); *Grubb v. W.A. Foote Mem'l Hosp., Inc.*, 741 F.2d 1486, 1498 (6th Cir.

1985) (determining that evidence the retained employee was older than plaintiff "severely undercut the likelihood of [the employer's] decision being predicated on age bias"), *vacated on other grounds*, 759 F.2d 546 (6th Cir. 1985).

Finally, Lefevers has not shown that GAF's reasons for terminating him were insufficient. Generally, reduction in force, coupled with a poor performance review, is not an insufficient reason to motivate the challenged conduct. *See, e.g.*, *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1468-73 (6th Cir. 1990). Lefevers argues that his replacement by Ladd requires an inference that there was no reduction in force. The record shows, though, that Ladd did not replace Lefevers but instead assumed Lefevers's duties in addition to his own during the period immediately following Lefevers's termination. In any case, Lefevers has not rebutted GAF's evidence supporting its contention that there was a reduction in force beyond asserting that the GAF organizational charts from May 1998 through March 1999 "do[] not reveal any substantial or significant reorganization or reduction in work force." Lefevers does not explain this conclusory statement or detail how he came to this conclusion based on his review of the charts. Further, as noted before and as the district court found, he does not rebut evidence that "at the time [Lefevers's] employment was terminated, [GAF] had eliminated numerous positions within the company, not just [his]." As to his poor job performance, Lefevers disputes aspects of the contents and context of the performance appraisals, but his disagreement with GAF's "assessment of his performance . . . does not render [GAF's] reasons pretextual." *McDonald*, 898 F.2d at 1162.

For these reasons, Lefevers has not offered sufficient evidence to carry his burden of showing that GAF's stated reasons for his termination were pretextual.

IV.

Lefevers has not presented direct evidence of discrimination or evidence sufficient to show that GAF's proffered explanation for his discharge is pretextual. We **AFFIRM** the district court's grant of summary judgment.