NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0780n.06

Nos.  11-6255/12-5405

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DORIS S. BATTLE,                                      )
                                                     )
      Plaintiff-Appellant,                       )
                                                     )
v.                                                   )          ON APPEAL FROM THE UNITED
                                                     )          STATES DISTRICT COURT FOR
HAYWOOD COUNTY BOARD OF                               )          THE WESTERN DISTRICT OF
EDUCATION,                                           )          TENNESSEE
                                                     )
      Defendant-Appellee.                        )

**FILED**

*Jul 18, 2012*

LEONARD GREEN, Clerk

Before:  NORRIS, McKEAGUE, and KETHLEDGE, Circuit Judges.

PER CURIAM.  In Appeal No. 11-6255, Doris S. Battle appeals the district court's judgment granting summary judgment to the defendant.  In consolidated Appeal No. 12-5405, Battle challenges the district court's order awarding costs in the amount of $6,699.88 to the prevailing party.  On due consideration, we affirm both rulings.

In February 2010, Battle filed a complaint against the Haywood County Board of Education ("the Board"), asserting several employment-based claims, including two claims under Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act ("THRA"):  (1) the Board discriminated against her on the basis of her gender by failing to hire her as the director of schools; and (2) the Board retaliated against her for complaining about the discrimination to board member Daniel Thornton by restructuring the organizational chart to effectively demote her.  Battle sought monetary, injunctive and declaratory relief.  The Board moved for summary judgment on Battle's claims.  Battle filed a response, including a statement of additional facts.  After the Board failed to

respond to Battle's statement of additional facts, she moved the district court to deem the additional facts admitted. The district court granted summary judgment to the Board on Battle's claims, noting that Battle's motion to deem the additional facts admitted was moot because, even accepting the additional facts as true, the Board was entitled to summary judgment.

On appeal, Battle argues that the district court erred by granting summary judgment to the Board and by failing to deem admitted the facts set forth in her statement of additional facts. In her second appeal, Battle contends taxation of costs should have been excused because this case was close and difficult. We review de novo a district court's grant of summary judgment. *Franklin v. Kellogg Co.*, 619 F.3d 604, 610 (6th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We construe the facts in the light most favorable to Battle. *See Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 583 (6th Cir. 2002).

The facts construed in the light most favorable to Battle are as follows. In 1983, the Board hired Battle as a kindergarten teacher. She was subsequently promoted to the positions of assistant principal and principal and, in 1997, she became the assistant director of schools. Battle had a master's degree in education. In April 2008, the Board accepted the resignation of the director of schools. At that time, the Board consisted of five members: chairperson Patricia Grunewald and members Harold Garrett, Joe Barden, Pearlie Hess, and Robbie King.

The Board was responsible for selecting a new director of schools. The qualifications for the position were a professional educator's license, a master's degree in education with preference for a doctorate degree, three years of successful experience in school administration, and such other qualifications as the Board deemed desirable. In May 2008, the Board hired the Tennessee School Boards Administration ("TSBA"), a non-profit organization that assists school boards in effectively

governing school districts, to conduct a search for a new director of schools and to propose a list of candidates for the Board's consideration. The Board had not previously hired the TSBA to search for a new director of schools because the TSBA had not offered that service in the past. While the TSBA's recommendations to the Board were not binding, less than ten percent of the school districts that had been assisted by the TSBA deviated from its proposed list of candidates.

At a June 2, 2008 board meeting, the Board voted to allow an internal candidate for the director position, such as Battle, to return to his or her former position if not selected to be the new director. At the same meeting, the Board formed a committee consisting of Garrett and Hess to select an interim director of schools. In the past, the assistant director of schools had been moved into the interim director's position. At some point after the director of schools had retired, Garrett approached Peter Angotti, the district director of attendance, concerning his interest in the interim director position. Garrett and Hess also considered Gordon Perry, a retired high school principal, and Susan Scott Wilson, an assistant high school principal. Ultimately, Garrett and Hess agreed to recommend Battle for the interim director position. Garrett moved to nominate Battle as interim director, and the Board voted unanimously in her favor. In August 2008, Grunewald and Barden were replaced on the Board by Daniel Thornton and Allen Currie.

The TSBA informed the Board that it would submit up to five candidates for the director position, but fewer if five qualified applicants could not be found. According to the TSBA's interim report, the community felt that the most important trait of a new director was that he or she was a good listener, and all groups surveyed ranked having a good personality or being a "people person" as one of the top three important traits for the new director. Battle submitted an application to the TSBA, as did Marlon King, who had served as principal of two elementary schools in Tennessee since 2004. King's prior experience also included an elementary school teaching position, which

he held from 2000 to 2004, and an educational assistantship at an elementary school, which he held from 1996 to 2000.  King received a bachelor's degree in elementary education and a master's degree in educational leadership, and he was obtaining a doctorate degree in curriculum and instruction.

Board meetings concerning the selection of a new director were heavily attended, and citizens carried signs and signed petitions concerning the issue.  In October 2008, the TSBA presented to the Board the four candidates that it recommended for the director position.  The list included Battle, Brenda King, Cedrick Gray, and another individual who subsequently withdrew his name from being considered.  Marlon King was not recommended by the TSBA.  Several board members asked to see the list of candidates rejected by the TSBA, but only Garrett reviewed the rejected applications. After reviewing the applications, Garrett moved for King to take the position of the candidate who had withdrawn. The Board voted four to one to add King to the list of candidates under consideration, with only Hess voting against the addition.  Garrett did not move to add Tamitha Campbell to the list, despite the fact that she had a master's degree and doctorate degree in education and she had extensive experience as an educator and administrator.  Garrett later acknowledged that Campbell was qualified for the director position, and he could not give a specific reason for failing to move to add her to the list of candidates under consideration.

Community members were present during the interviews of each candidate for director, and they were provided forms on which they could offer anonymous comments.  The negative comments made against Battle focused on her demeanor and personality, while the negative comments about King focused on his youth and inexperience.  At a November 3, 2008 board meeting, each member voted for their top two choices for director.  Robbie King, Currie, and Thornton voted for Marlon King and Gray, Hess voted for Battle and Gray, and Garrett voted for Battle and Marlon King.

Because Gray and Marlon King each had four votes, the Board voted to break the tie, with all members except Hess voting for Marlon King.

At a November 11, 2008 board meeting, the Board approved Marlon King's employment as director of schools, effective January 1, 2009. On that date, Battle would resume her role as assistant director. Following the board meeting, Battle complained to Thornton that she had been treated unfairly during the process of selecting a new director of schools and that Marlon King was interfering with her ability to carry out her role as interim director. King subsequently proposed a new organizational chart, creating the new position of Community Relations and School Improvement Ambassador, which was higher than the assistant director position. In a letter dated December 19, 2008, Battle resigned from her position as assistant director, effective December 31, 2008.

In analyzing claims such as Battle's that lack direct evidence of intent to discriminate, we apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See McClain v. Nw. Cmty. Corr. Ctr. Judicial Corrs. Bd.*, 440 F.3d 320, 332 (6th Cir. 2006). To make a prima facie case of gender discrimination, a plaintiff "must show that: (1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably." *Grace v. USCAR*, 521 F.3d 655, 677 (6th Cir. 2008). If the plaintiff sets forth a prima facie case, the defendant must articulate a legitimate, non-discriminatory reason for its decision. *Id.* Once the defendant has done so, the plaintiff must show that the alleged reason is a mere pretext for discrimination. *Id.* The same analysis applies to a gender discrimination claim under the THRA. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 714 (6th Cir. 2006).

Battle, as a woman, is a member of a protected class, and she presented sufficient evidence to establish that she was not hired for the director position, that she was qualified for it, and that a male applicant was hired to fill the position. She therefore set forth a prima facie case of discrimination. The Board, relying on the deposition testimony of the board members who voted for Marlon King, asserted that the basis for its hiring decision was Battle's lack of interpersonal skills, preparedness, and initiative and King's energy and vision and the fact that he was favored by the community. To show that the Board's proffered reason was pretextual, Battle must demonstrate that it had no basis in fact, did not actually motivate the Board's decision, or was insufficient to motivate the Board's decision. *See Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 725 (6th Cir. 2012). Battle asserts several bases for concluding that the Board's alleged reason for not hiring her was a mere pretext for gender discrimination: (1) the Board had never selected a female to be director of schools despite the fact that it had female applicants; (2) the Board deviated from its normal practice of appointing the assistant director of schools into the interim director position automatically; (3) Garrett recommended that King be considered for the director position despite his rejection by the TSBA; and (4) Garrett failed to recommend that Campbell be considered for the director position despite the fact that she was more qualified than King.

None of the asserted bases are sufficient to demonstrate that the Board's proffered reason for hiring King was pretextual. Battle failed to present statistical or other evidence demonstrating that the Board's prior hiring decisions concerning the director position were discriminatory toward women. The Board's decision to search for an interim director rather than immediately appoint the assistant director does not show that the Board sought to engage in gender discrimination, given that the committee formed to find an interim director considered two female candidates, the committee ultimately recommended Battle, and the Board unanimously approved the recommendation. Battle's

remaining claims fail to demonstrate pretext because the Board was explicitly permitted to consider candidates that were rejected by the TSBA, and King's qualifications were not so clearly inferior to those of Battle and Campbell that it called into question the Board's decision to consider and hire King. *See Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 626-27 (6th Cir. 2006). Although King had fewer years of experience than Battle in a smaller school district, he met the minimum requirements for the position, was highly regarded by state officials, co-workers and the community, and had a vision and energy for the school that the Board liked. Reasonable decisionmakers could thus disagree as to which candidate was better qualified. *See id.* at 628.

Because Battle failed to present evidence demonstrating that the Board's decision to hire King was merely a pretext for gender discrimination, the district court properly granted summary judgment to the Board on this claim. Further, the district court properly concluded that Battle could not rely on the "cat's paw" theory of liability because she presented no evidence that the Board's decision to hire King rather than her was influenced by discriminatory animus on the part of Garrett. *See Romans v. Mich. Dep't of Human Servs.*, 668 F.3d 826, 836 (6th Cir. 2012); *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 587 n.5 (6th Cir. 2009).

To establish a prima facie case of retaliation under either Title VII or the THRA, a plaintiff must establish that: (1) she engaged in protected activity; (2) the defendant was aware of the protected activity; (3) the defendant took an adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *Arendale v. City of Memphis*, 519 F.3d 587, 606 (6th Cir. 2008). The district court properly granted summary judgment to the Board on this claim because Battle failed to present evidence demonstrating that the Board was responsible for the organizational restructuring or that it otherwise took an adverse action against her because of her complaints to Thornton.

Finally, the district court did not err by failing to explicitly deem admitted Battle's statement of additional facts. Rather, the court properly concluded that, even taking the facts as true, the Board was entitled to summary judgment on Battle's claims.

Accordingly, we affirm the district court's award of summary judgment in favor of Haywood County Board of Education. Further, finding no abuse of discretion, we also affirm the district court's order taxing costs.