**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0663n.06

No. 12-6480

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 17, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES MIKE DAVIS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MARSHALL COUNTY AMBULANCE | ) | COURT FOR THE MIDDLE |
| SERVICES, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BOGGS and McKEAGUE, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM. James Mike Davis appeals the district court's grant of summary judgment in favor of his former employer on his age-discrimination and retaliatory-discharge claims. As set forth below, we affirm.

Davis worked for the Marshall County Emergency Medical Services (MCEMS) as an emergency medical technician until his termination for absenteeism. In his complaint, Davis claimed that MCEMS terminated him: (1) for not working while contagious with the flu in violation of Tennessee public policy; (2) without providing proper notice or a hearing in violation of his due-process rights; (3) because of his age in violation of the Tennessee Human Rights Act; and (4) in

---

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

retaliation for refusing to work while contagious. The district court granted MCEMS's motion for summary judgment on Davis's claims.

Davis appeals the district court's grant of summary judgment in favor of MCEMS on his age-discrimination and retaliatory-discharge claims. We review the district court's decision to grant summary judgment de novo. *Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 723 (6th Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court concluded that Davis, who was forty-nine years old at the time of his termination, made a prima facie showing of age discrimination but failed to demonstrate that MCEMS's reason for his termination – absenteeism – was a pretext for age discrimination. Davis asserted that a younger employee, Alicia Jones, had worse or comparable attendance issues and was not fired. Jones had been reprimanded and suspended for her absenteeism, like Davis, but resigned prior to incurring another unexcused absence.

In order to establish that another employee was similarly situated, "the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in all of the *relevant* aspects." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 378-79 (6th Cir. 2002) (quotations and citations omitted). Jones and Davis were not similarly situated in at least one relevant aspect: they reported to different supervisors. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992) ("[T]o be deemed 'similarly-situated', the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to

the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.").

Moreover, Davis's own testimony further undercuts any conclusion that MCEMS's reason for dismissing him was pretextual. In his deposition, Davis was asked whether any supervisor ever made a statement about age that would have indicated that age was a reason for his dismissal. He responded, "None that I can remember. It was more or less just, you know, me trying to figure out what was going on and just a personal assumption." R. 22, Plaintiff's Dep. at 151, Page *Id*. #113. Accordingly, the district court properly granted summary judgment on Davis's age-discrimination claim.

The district court also properly held that Davis's retaliatory-discharge claim lacked merit. MCEMS is immune from liability for common-law retaliatory discharge under Tennessee Governmental Tort Liability Act. *See* Tenn. Code Ann. § 29-20-201(a); *Baines v. Wilson Cnty.*, 86 S.W.3d 575, 579 (Tenn. Ct. App. 2002) (holding that county emergency-management agency was immune from common-law retaliatory-discharge suit). Even if MCEMS were not immune, Davis failed to establish a prima facie case of retaliatory discharge under Tennessee common law. Establishing such a claim requires in part that the plaintiff show that "the reason for the discharge was that [he] attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 862 (Tenn. 2002).

Davis's complaint asserted that he engaged in a protected activity "[b]y refusing to work while contagious" with the flu. But he did not cite any statutory or regulatory authority establishing

that refusing to work when contagious was a protected activity or that it was against public policy to discharge someone for undertaking such an activity. In his response to MCEMS's motion for summary judgment, Davis erroneously relies on the Tennessee Public Protection Act. That statute prohibits an employee's discharge or termination "solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(b). Davis submitted no other evidence in support of his claim that he engaged in protected activity. He has therefore failed to show that his refusal to work while contagious with the flu was also a refusal "to participate in, or . . . remain silent about, illegal activities" and that his decision to stay home from work was thereby protected under § 50-1-304(b).

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of MCEMS.