NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0315n.06

No. 21-6124

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 02, 2022
DEBORAH S. HUNT, Clerk

ROBERT MEYROSE,

    Plaintiff-Appellant,

v.

VITAS HOSPICE SERVICES, LLC,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

Before: DONALD, BUSH, and NALBANDIAN, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Robert Meyrose worked for Vitas Hospice Services, LLC for more than a decade. He earned multiple promotions and aspired for more. But his performance faltered, and in 2018, Vitas hired another internal candidate, Naresh Simlal, for a new Assistant Vice President (AVP) position. The company eventually let Meyrose go. Believing he had been a victim of age discrimination in both the promotion and hiring processes, Meyrose sued. The district court disagreed and granted Vitas summary judgment. We affirm.

I.

Meyrose began working for Vitas in 2006. He earned promotions multiple times, most recently to Senior Director. But in 2016, Meyrose's troubles began. His colleagues and his supervisor, Patrick Hale, began noticing issues with Meyrose's performance. In response, Hale moved projects away from Meyrose's supervision. Meanwhile, in 2017, Vitas restructured.

Meyrose and at least four other internal candidates applied for a new AVP position, and each received an interview. Around forty or fifty external candidates also applied.

An internal panel unanimously chose Samlal, an internal candidate around twenty years younger than Meyrose, as the new AVP. Simultaneously, in early 2018, Meyrose received poor feedback on his performance at work, and Hale placed him on an improvement plan. That April, May, and June, Meyrose received written warnings about his performance. Meyrose disputed the evaluations and believed his performance to be more than satisfactory. But finally, in July, he was fired.

A year later, despite never having reported discriminatory issues before, Meyrose sued Vitas for age discrimination. His complaint alleged that Vitas's failure to promote him and eventual termination violated both the federal Age Discrimination in Employment Act (ADEA) and the Kentucky Civil Rights Act (KCRA). Vitas moved for summary judgment, which the district court granted in November 2021. This timely appeal followed.

## II.

We review de novo the district court's grant of summary judgment. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 393 (6th Cir. 2008). Summary judgment should be granted when there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this assessment, we construe all reasonable inferences in the nonmovant's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The ADEA bars discrimination against an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). The KCRA runs parallel to the ADEA, barring age discrimination against

employees more than forty years old. Ky. Rev. Stat. § 344.040(1)(a). We analyze both claims the same. *Allen*, 545 F.3d at 393 (citation omitted).

For Meyrose to succeed, then, he must show that his age was the but-for cause of Vitas's actions. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). Such a showing can ordinarily be made through direct or circumstantial evidence. *Id.* Meyrose relies on only circumstantial evidence of discrimination.

Circumstantial evidence allows a jury to infer "invidious intent" behind an employee's termination. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994). We evaluate whether circumstantial evidence creates a jury question under the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *McDonnell Douglas* first requires Meyrose to establish a prima facie discrimination case. *Id.* at 802. Then if Meyrose meets this threshold, the burden of production shifts to Vitas to provide nondiscriminatory reasons for its actions. *Id.* If Vitas does this, the burden of production shifts back to Meyrose; he must then establish that Vitas's reasons were pretextual and a cover for age discrimination. *Id.* at 805.

Neither party mounts a serious challenge to the district court's first two *McDonnell Douglas* conclusions.[1] So we zero in on the last burden-shifting prong—whether Meyrose has shown a genuine dispute over the alleged pretextual nature of Vitas's actions. *See Brown v. Kelsey-Hayes Co.*, 814 F. App'x 72, 81 (6th Cir. 2020). And we conduct this analysis for both Meyrose's termination and failure-to-promote claims.

Meyrose first argues that the district court erred by concluding that no reasonable jury could find pretext in Vitas's reasons for terminating him. Pretextual firings often take one of three

---

[1] Meyrose believes that the district court also erred by finding that Vitas did not replace him upon his termination. We decline to address this argument today, as the district court found that the fourth element of the *McDonnell Douglas* framework is satisfied because of Meyrose's other evidence, and Vitas does not contest it here.

forms: (1) a lack of factual basis for the employer's proffered reasons, (2) said proffered reasons not motivating the termination, or (3) the insufficiency of the proffered reasons. *Chen v. Dow Chems. Co*., 580 F.3d 394, 400 (6th Cir. 2009). A plaintiff may presumably show pretext in other ways too. So we focus on "the ultimate inquiry: did the employer fire the employee for the stated reason or not?" *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 530 (6th Cir. 2012).

Meyrose believes that Vitas's performance critiques were "factually incorrect." His evidence falls into two buckets. First, he cites feedback from "internal clients" during his time at Vitas. But much of this feedback is illegible. And even if it were legible, it would likely not be probative evidence of Vitas's alleged discrimination. Discrimination law cannot be a popularity contest. We do not believe that positive feedback from former coworkers alone is enough to create a genuine issue of material fact, without more. Indeed, an employee could be popular with his coworkers but perform poorly in the company's eyes. That appears to be the case here.

Meyrose also provides several pages of his own conjecture disagreeing with his supervisor's evaluations. Mainly, he repeatedly notes that he disputed the evaluations in writing when he received them. But his beliefs about his performance do not create a genuine issue of material fact either, no matter how strong. *See Brown*, 814 F. App'x at 81; *see also Lefevers v. GAF Fiberglass Corp*., 667 F.3d 721, 725–26 (6th Cir. 2012) (noting that mere disagreement with a performance evaluation cannot suffice to show pretext). And Meyrose's own testimony is inconsistent. He complains that Vitas held him responsible and wrote him up for issues with projects like Service Now that were "plainly not his responsibility[.]" But he also claims "heavy involvement" with ServiceNow and a "key" role since its inception. On these facts, Meyrose's arguments fail.

Meyrose next claims that Vitas terminated him for discriminatory reasons. But he has equally sparse evidence to support this claim. He points to three pieces of evidence. First, there is general praise he received, although the record suggests that Vitas offered similar praise to all internal candidates. Second, he claims alleged preferential treatment given to Samlal. And third, Meyrose relies on a later-walked-back statement from Hale about Meyrose's unwillingness to change. But what Meyrose fails to provide is any evidence that Vitas lied about his performance or set him up for failure. His argument again boils down to his disagreement with his performance evaluations. *But see Lefevers*, 667 F.3d at 725–26. He has shown no evidence of pretext. As Vitas notes, "increased disciplinary action is not evidence[.]"

Finally, as to the failure-to-promote claim, Meyrose argues that the district court erred by concluding that no reasonable jury could find that Vitas acted with pretext when it chose not to promote him. Our analysis here is like that of a termination claim but slightly different. Meyrose must show either (1) that he was "as qualified as if not better qualified" than the alternate candidate, as long as there is other probative evidence of discrimination, or (2) that he was a "plainly superior" candidate such that no reasonable employer would have chosen an alternate candidate. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 815 (6th Cir. 2011) (quotation omitted). .

Even if Meyrose is as qualified as Samlal, we again note Meyrose's lack of evidence of discrimination, as explained above. So he cannot prevail on this theory because he has not shown other probative evidence. Meyrose must therefore show that he was the "plainly superior" candidate. And on Meyrose's facts, he appears qualified for the AVP position. But he has not shown plain superiority. Samlal also possessed extensive industry experience and several relevant certifications. While it is true that Meyrose has a college degree and Samlal does not, nothing in

5

the record suggests that the AVP position *required* a college graduate.  So Meyrose's failure-to-promote claim also fails.

III.

Meyrose has not shown a genuine issue of material fact as to Vitas's failure to promote him or his eventual termination.  We affirm.