■ BERTHA MIKE, Appellant, v HAYLOR, FREYER & COON, INC., Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Ellison, J.), entered March 19, 1990 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff worked as a bookkeeper for Ithaca Agency, Inc. (hereinafter the Agency) for some 18 years. In 1986, defendant affiliated with the Agency and transferred much work to its Syracuse office. In June 1986, plaintiff's employment was terminated ostensibly because her work was no longer needed. Plaintiff commenced this action alleging, *inter alia,* age discrimination. Supreme Court granted defendant's motion for summary judgment and dismissed the complaint. This appeal followed.

In moving for summary judgment dismissing the allegations of age discrimination, defendant established by proof in admissible form that plaintiff's employment was terminated because of legitimate business reasons related to defendant's affiliation with the Agency and transfer of business operations to its Syracuse office. It then became plaintiff's responsibility to submit proof in admissible form to raise a question of fact *(see, Heffernan v Colonie Country Club,* 160 AD2d 1062). Plaintiff claims that references to early retirement and her approaching eligibility for Social Security benefits during her termination meeting raise a question of fact. We disagree, as these references standing alone do not reflect adversely on the

rationale for her discharge and cannot be considered unusual in a termination meeting. In this regard, we recognize that plaintiff acknowledged during her deposition that the changes in defendant's business which resulted in her duties being transferred to another office were not motivated by her age.

Plaintiff also contends that a question of fact exists because within a month or so of her termination, defendant advertised for and hired a much younger receptionist without considering her for the position. The record reveals, however, that this vacancy did not arise until after plaintiff's termination and, in any event, entailed different duties than plaintiff's former job. That plaintiff might have filled in and performed the duties of a receptionist on a temporary or part-time basis while working for defendant does not mean that she was qualified to undertake those duties on a permanent full-time basis. Thus, the new employee did not replace plaintiff, a factor which distinguishes this case from such age discrimination cases as *Oakley v St. Joseph's Hosp.* (116 AD2d 911, 914). We have considered the other points advanced by plaintiff and find no reason to reach a contrary result.

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.