Carr v Wegmans Food Mkts., Inc. (2020 NY Slip Op 02141)





Carr v Wegmans Food Mkts., Inc.


2020 NY Slip Op 02141


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

528275

[*1]Brian Carr, Appellant,
v
Wegmans Food Markets, Inc., Respondent.

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


The Lama Law Firm, LLP, Ithaca (Luciano J. Lama of counsel), for appellant.
Harter Secrest & Emery LLP, Rochester (Samantha A. Maurer of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Baker, J.), entered December 17, 2018 in Chemung County, which, among other things, granted defendant's motion to dismiss the complaint.
In 1998, plaintiff entered into a business contract with a third-party distribution company (hereinafter the distributor) to distribute baked goods to defendant's stores. In 2016, defendant received a complaint from a female employee (hereinafter the employee) working in one of defendant's stores serviced by plaintiff. In a statement to defendant's asset protection specialist, the employee alleged that plaintiff had spread a rumor about her that was sexual in nature. Defendant investigated and took statements from other employees and vendors concerning the rumor, and also learned of other statements allegedly made by plaintiff that concerned his own sexual activities. Based on this investigation and the underlying statements, and in accordance with its own non-harassment policy, defendant informed the distributor that it no longer wanted plaintiff to service its account. Plaintiff thereafter commenced this action against defendant for tortious inference with a contractual relationship and defamation. Defendant moved to dismiss pursuant to CPLR 3211 (a) (1) and (7) and submitted the statements taken by its asset protection specialist and its non-harassment policy. Plaintiff opposed, submitted his own affidavit adding detail to his allegations, and cross-moved for leave to amend his complaint. Supreme Court denied plaintiff's cross motion and granted defendant's motion to dismiss on both grounds. Plaintiff appeals.
Turning first to CPLR 3211 (a) (1), a motion to dismiss pursuant to this provision "will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Fontanetta v John Doe 1, 73 AD3d 78, 83-84 [2010] [internal quotation marks and citation omitted]). What may be deemed "documentary evidence" for purposes of this subsection is quite limited. "Materials that clearly qualify as documentary evidence include documents . . . such as mortgages, deed[s], contracts, and any other papers, the contents of which are essentially undeniable" (Koziatek v SJB Dev. Inc., 172 AD3d 1486, 1487 [2019] [internal quotation marks and citations omitted]; see Fontanetta v John Doe 1, 73 AD3d at 84-85). Here, Supreme Court relied upon the statements taken during defendant's investigation, as well as its non-harassment policy. As plaintiff argues, even sworn affidavits have been held inadequate to meet this statutory standard, and defendant's submissions here do not qualify as documentary evidence (see Lopes v Bain, 82 AD3d 1553, 1554 [2011]; Crepin v Fogarty, 59 AD3d 837, 838 [2009]; see also John R. Higgitt, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 25-26). Accordingly, the complaint should not have been dismissed pursuant to CPLR 3211 (a) (1).
The grounds for dismissal under CPLR 3211 (a) (7) are also strictly limited; the court is not allowed to render a determination upon a thorough review of the relevant facts adduced by both parties, but rather is substantially more constrained in its review, examining only the plaintiff's pleadings and affidavits (see Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; Sokol v Leader, 74 AD3d 1180, 1181 [2010]). In contrast to a motion for summary judgment, a court resolving a motion to dismiss for failure to state a claim cannot base the determination upon submissions by the defendant — without regard to how compelling claims made in such submissions may appear (see Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351 [2013]; see also Marston v General Elec. Co., 121 AD3d 1457, 1458-1459 [2014]). Indeed, upon a motion pursuant to CPLR 3211 (a) (7), the party opposing dismissal is allowed a remedy not available to the party seeking dismissal; the court "may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, since the ultimate criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one" (Schmidt & Schmidt, Inc. v Town of Charlton, 68 AD3d 1314, 1315 [2009] [internal quotation marks, brackets and citations omitted]; see Leon v Martinez, 84 NY2d 83, 88 [1994]; Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Chenango Contr., Inc. v Hughes Assoc., 128 AD3d 1150, 1151 [2015]).
"[U]nless the motion to dismiss is converted by the court to a motion for summary judgment" (Rovello v Orofino Realty Co., 40 NY2d at 635), a motion to dismiss is not "in a posture to be resolved as a matter of law" (Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d at 351). Significantly, Supreme Court did not exercise its power to convert this application (see CPLR 3211 [c]).
To establish a claim for tortious interference with a contract, the plaintiff must allege "the existence of [his or her] valid contract with a third party, [the] defendant's knowledge of that contract, [the] defendant's intentional and improper procuring of a breach, and damages" (White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]; see Ullmannglass v Oneida, Ltd., 86 AD3d 827, 829 [2011]; Clearmont Prop., LLC v Eisner, 58 AD3d 1052, 1055 [2009]). Here, plaintiff's complaint alleged that a valid contract existed between plaintiff and the distributor, that defendant intentionally spread "false, specious and salacious accusations against [p]laintiff," and that such conduct "had no good faith or justifiable cause" and did not "protect an economic interest." Liberally construing these allegations, as we must, taking all of the alleged facts as true, and giving plaintiff every favorable inference (see Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 582 [2017]), they do not fail to state a claim.
The defamation claim will ultimately require "proof that the defendant made 'a false statement, published that statement to a third party without privilege, with fault measured by at least a negligence standard, and the statement caused special damages or constituted defamation per se'" (Dickson v Slezak, 73 AD3d 1249, 1250 [2010], quoting Roche v Claverack Coop. Ins. Co., 59 AD3d 914, 916 [2010]; see Hope v Hadley-Luzerne Pub. Lib., 169 AD3d 1276, 1277 [2019]). Here, the complaint sets forth the particular words complained of and the damages plaintiff allegedly sustained; further, the affidavit submitted by plaintiff in opposition to defendant's motion identified two of defendant's employees by name, claimed that these employees met with plaintiff's supervisor in an office at one of defendant's locations, where they allegedly informed the supervisor that they believed plaintiff had spread the rumor, and asserted that "[t]he next day" plaintiff was informed by a letter that he would no longer be servicing defendant's stores (see Saha v Record, 177 AD2d 763, 766 [1991]; compare Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1570-1571 [2018]). These statements are sufficiently particular and detailed to meet the legal standard imposed at this juncture (see CPLR 3016 [a]; see also Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1560 [2010]). Accordingly, we find that the grant of defendant's motion to dismiss must be reversed, and the original complaint reinstated. As a result of this determination, we need not address plaintiff's cross motion for leave to amend his complaint.
Egan Jr., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the complaint; said motion denied and matter remitted to the Supreme Court to permit defendant to serve an answer within 20 days of this Court's decision; and, as so modified, affirmed.[FN1]



Footnotes

Footnote 1: Pursuant to the March 17, 2020 order of Presiding Justice Garry, which, among other things, suspended all perfection, filing and other deadlines set forth by any order of this Court, the 20-day time period by which the answer shall be served is suspended indefinitely and until further directive of this Court.