New York Mun. Power Agency v Town of Massena (2020 NY Slip Op 07000)





New York Mun. Power Agency v Town of Massena


2020 NY Slip Op 07000


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

529888

[*1]New York Municipal Power Agency, Respondent,
v
Town of Massena et al., Appellants, et al., Defendants.

Calendar Date: October 22, 2020

Before: Garry, P.J., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ.


Hancock Estabrook, LLP, Syracuse (Janet D. Callahan of counsel), for appellants.
Costello, Cooney & Fearon, PLLC, Syracuse (Matthew W. O'Neil of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Farley, J.), entered August 1, 2019 in St. Lawrence County, which, among other things, denied defendants' motion to dismiss the amended complaint.
Plaintiff is a joint action agency of 36 municipal utility members and primarily functions to supply power to these members. Plaintiff was formed in 1996 under an agreement (hereinafter the agreement) made pursuant to General Municipal Law § 119-o, and is governed by its constitution and bylaws, which were adopted in 1997. Defendant Town of Massena (hereinafter the Town) is a municipal corporation located in St. Lawrence County and was a signatory to the agreement in 1996. Defendant Massena Electric Department (hereinafter the Department) is a not-for-profit electric utility owned and operated by the Town and is governed by defendant Massena Electric Utility Board (hereinafter the Board). Defendant Andrew J. McMahon is employed by the Town as the superintendent of the Department and served as president of plaintiff's board of directors from January 2018 to November 2018. In November 2018, the Board adopted a resolution to withdraw from plaintiff effective December 23, 2018, and the Board's vice-president wrote to plaintiff, advising of the Department's withdrawal pursuant to the agreement. Plaintiff responded that the Department's withdrawal was ineffective, and that the effective withdrawal date was December 31, 2020, pursuant to the bylaws.
Plaintiff commenced this action against the Town, the Board and the Department, as well as individual members of the Board, and sought a preliminary injunction to prevent the Department from withdrawing from membership before December 2020. The injunctive relief was denied, and plaintiff then served an amended complaint, which added McMahon as a defendant. The Town, the Board, the Department and McMahon (hereinafter collectively referred to as defendants), as well as the other named Board members, moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7). Plaintiff then cross-moved for leave to serve a second amended complaint, including more details relative to a monetary damages claim.[FN1] Supreme Court granted leave to serve the second amended complaint and denied the motion to dismiss. Defendants appeal.
Defendants first argue that they submitted documentary evidence establishing that the agreement has primacy over the bylaws and that Supreme Court should have granted the motion to dismiss on this ground. A "motion to dismiss on the ground that the action is barred by documentary evidence . . . may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Leon v Martinez, 84 NY2d 83, 88 [1994]; see also CPLR 3211 [a] [1). "To qualify as documentary evidence, the evidence must be unambiguous and of undisputed authenticity" (Koziatek v SJB Dev. Inc., 172 AD3d 1486, 1486 [2019] [internal quotation marks and citations omitted]) and must "resolve all factual issues as a matter of law, and conclusively dispose of the plaintiff['s] claim" (Thomas A. Sbarra Real Estate, Inc. v Lavelle-Tomko, 84 AD3d 1570, 1571 [2011] [internal quotation marks, brackets and citation omitted]).
The crux of this dispute is that the terms of the underlying documents are in conflict; the agreement states that members who vote against the annual operating budget must withdraw from [*2]plaintiff within 60 days following the adoption of that budget, while the bylaws state that a member shall provide two years notice of its withdrawal. As documentary evidence, defendants submitted the agreement, the bylaws and a memorandum, prepared in 2004 by plaintiff's bylaws committee, which recommended amending the agreement to allow the bylaws to govern.[FN2] Upon review, we agree with Supreme Court that these documents do not clearly establish the understanding of the parties. Their authenticity is not disputed, but as these documents provide sharply conflicting withdrawal procedures, and the parties disagree as to which document governs the proposed withdrawal, the documents do not resolve all factual issues as a matter of law, and do not conclusively dispose of plaintiff's claims. Accordingly, the court properly denied the motion to dismiss on this ground (see Carr v Wegmans Food Mkts., Inc., 182 AD3d 667, 668 [2020]; Fontanetta v John Doe, 73 AD3d 78, 83-84 [2010]).
Turning to the denial of defendants' motion to dismiss pursuant to CPLR 3211 (a) (7), a court, when reviewing such a motion, "must give the complaint a liberal construction, accept the allegations as true and provide [the] plaintiff[] with the benefit of every favorable inference" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 582 [2017] [internal quotation marks and citation omitted]). "A breach of contract claim requires allegations of an agreement, performance by one party, failure to perform by the other party and resulting damages" (Vestal v Pontillo, 158 AD3d 1036, 1041 [2018] [internal quotation marks and citations omitted]; see Hyman v Schwartz, 127 AD3d 1281, 1283 [2015]).
Here, defendants argue that neither the amended complaint or the second amended complaint asserts that the Department failed to comply with the agreement, and plaintiff asserts that the Department was required to comply with the bylaws. Again, whether the agreement, the bylaws, or some combination controls the withdrawal cannot be determined at this juncture. Supreme Court needed to determine "only whether the facts alleged in the complaint fit within any cognizable legal theory" (Nelson v Lattner Enters. of N.Y., 108 AD3d 970, 971 [2013] [internal quotation marks and citations omitted]). Each of these complaints alleged that, in withdrawing prior to December 2020, defendants breached the parties' agreement by failing to comply with the bylaws and the two amended complaints alleged that defendants "refused to make arrangements satisfactory to [plaintiff] to compensate [it] for financial obligations owed by [d]efendants as a consequence of breach." The second amended complaint expands upon the claimed monetary damages resulting from the alleged breach. "At this early prediscovery phase," and affording plaintiff the benefit of the liberal standard applied to such motions, plaintiff has sufficiently stated a claim for breach of contract (Skibinsky v State Farm Fire & Cas. Co., 6 AD3d 975, 976 [2004]; see Mason v First Cent. Natl. Life Ins. Co. of N.Y., 86 AD3d 854, 855-856 [2011]). Accordingly, Supreme Court properly denied defendants' motion to dismiss on this ground.[FN3]
Finally, plaintiff alleges that McMahon's tenure as president of plaintiff's board of directors coincided with his position as the superintendent of the Department and that, as a director and officer of plaintiff, he owed a fiduciary duty to plaintiff and its members. Plaintiff avers that by failing to advise of the Department's intended withdrawal or to otherwise protect plaintiff, McMahon placed his and defendants' interests over plaintiff's, thus violating his fiduciary duty and resulting in monetary damages. As plaintiff has thus alleged factual details setting forth the circumstances of the claimed misconduct, Supreme Court also properly denied defendants' motion to dismiss this claim (see CPLR 3016 [b]; Stortini v Pollis, 138 AD3d 977, 979 [2016]).
Clark, Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The Board members, except McMahon, were removed from the second amended complaint.

Footnote 2: The proposed amendment was not passed.

Footnote 3: To the extent that defendants claim that Supreme Court should not have granted leave to serve the second amended complaint, defendants did not argue surprise or prejudice, and the proposed amendments are not "palpably insufficient or patently devoid of merit" (Bynum v Camp Bisco, LLC, 155 AD3d 1503, 1504 [2017] [internal quotation marks and citations omitted]).