Modern Mktg. Concepts, Inc. v GAF Materials LLC (2021 NY Slip Op 03645)





Modern Mktg. Concepts, Inc. v GAF Materials LLC


2021 NY Slip Op 03645


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

531427
[*1]Modern Marketing Concepts, Inc., Appellant,
v
GAF Materials LLC, Respondent.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons and Pritzker, JJ.

Hinman, Howard & Kattell, LLP, Binghamton (Albert J. Millus Jr. of counsel), for appellant.
Hancock Estabrook, LLP, Syracuse (Janet D. Callahan of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Blaise III, J.), entered April 3, 2020 in Broome County, which granted defendant's motion to dismiss the complaint.
In January 2015, plaintiff and defendant entered into a Master Professional Services Agreement (hereinafter the agreement) wherein plaintiff agreed to provide defendant with marketing services. The agreement also contained, as an exhibit, general terms and conditions (hereinafter T & Cs). According to the agreement, the scope of services to be provided was to be delineated in, as relevant here, a statement of work. In April 2017, the parties entered into a statement of work. After being advised that defendant did not intend to renew the agreement and that both the agreement and the statement of work would terminate in October 2019, plaintiff commenced this action alleging that defendant breached the agreement. In a pre-answer motion, defendant moved to dismiss the complaint under CPLR 3211 (a) (1). Supreme Court granted the motion, prompting this appeal by plaintiff. We affirm.
A motion to dismiss based under CPLR 3211 (a) (1) may be granted "where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Adamkiewicz v Lansing, 288 AD2d 531, 532 [2001]). The agreement provided that either party could terminate the agreement by notifying the other party, at least 90 days prior to its expiration, of its intent not to renew it. Plaintiff did not dispute that the July 2019 letter served to terminate the agreement as of October 2019. In its view, however, this letter did not impact the statement of work and that such statement of work was to remain in effect until April 2020. We disagree with plaintiff's view.
Article 6 of the agreement stated that, if the services to be provided under a statement of work were not completed prior to the termination or expiration of the agreement, defendant, "in its sole discretion, . . . can elect to extend the term of th[e] [a]greement solely with respect to [the statement of work] until the completion of such [s]ervices." This article also stated as its last sentence that, "[s]ubject to Section 4 (b) of the [T & Cs]," each statement of work would remain in effect until the services therein were completed, "unless [the statement of work was] terminated earlier in accordance with Sections 3 or 4 of the [T & Cs]." Inasmuch as Section 3 of the T & Cs was blank, at issue is Section 4, which was entitled "Termination for Cause" and contained two subdivisions. Section 4 (a) of the T & Cs set forth various grounds for terminating a statement of work — none of which applies here. Section 4 (b), as relevant here, stated that "[t]ermination of the [a]greement pursuant to Article 6 of the [a]greement, or Sections 3 and 4 hereunder, shall serve [*2]as termination of all [statements of work]."
"[W]hen a written agreement is complete, clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole" (Gaines Mar. & Servs., Inc. v. CMS Mar. Stor., LLC, 176 AD3d 1534, 1535 [2019] [internal quotation marks and citation omitted]). As Supreme Court found, Article 6 of the agreement and Section 4 (b) of the T & Cs could be read together as providing that a pending statement of work would terminate at the time the agreement was terminated unless defendant elected to continue the agreement solely with respect to such statement of work. Inasmuch as the agreement was terminated per the July 2019 letter, the statement of work was also terminated given that defendant did not elect to continue the agreement. Although plaintiff contends that the statement of work was a separately-executed agreement that operated with its own independent terms, this assertion is without merit in view of the fact that the statement of work expressly "[i]ncorporate[d] the terms and conditions of the [agreement]." Accordingly, the court correctly granted defendant's pre-answer motion (see Jenkins v Jenkins, 145 AD3d 1231, 1235 [2016]; Kilmer v Miller, 96 AD3d 1133, 1135-1136 [2012], lv dismissed 19 NY3d 1042 [2012]). Plaintiff's remaining contentions, to the extent not specifically discussed herein, have been examined and are unavailing.
Lynch, J.P., Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.