Cagino v Levine (2021 NY Slip Op 06018)





Cagino v Levine


2021 NY Slip Op 06018


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

532458
[*1]Paul F. Cagino, Appellant,
v
Meg Levine, Individually and as Deputy Attorney General, et al., Respondents.

Calendar Date:September 9, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Paul F. Cagino, Glenmont, appellant pro se.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (O'Connor, J.), entered September 17, 2020 in Albany County, which granted defendants' motion to dismiss the second amended complaint.
Plaintiff is a former employee of the Office of the Attorney General who worked in the Albany Claims Bureau for many years. In May 2016, the then bureau chief retired and plaintiff unsuccessfully applied for both that position and the newly-created deputy bureau chief position. In July 2019, plaintiff commenced this action against defendants — individually and in their respective professional capacities — alleging that, in denying him the subject promotions, defendants engaged in age discrimination. Defendants moved to dismiss both the original complaint and plaintiff's amended complaint, and plaintiff cross-moved for leave to amend to add a cause of action for religious discrimination. Supreme Court granted defendants' motion to dismiss as to the bureau chief position, finding that plaintiff's age discrimination claim was time-barred, and that his request to add a religious discrimination claim was untimely. However, the court granted plaintiff's request to add a cause of action for religious discrimination as to the deputy bureau chief position and reserved on the balance of defendants' motion to dismiss.
After plaintiff filed his second amended complaint in March 2020, defendants moved to dismiss that pleading for failure to state a cause of action. Supreme Court granted defendants' motion, finding that plaintiff failed to allege sufficient facts to give rise to an inference of either religious or age discrimination as to the deputy bureau chief position. This appeal by plaintiff ensued.
We affirm. On a motion to dismiss pursuant to CPLR 3211 (a) (7), "we afford the complaint a liberal construction, accept the facts alleged as true, accord the plaintiff the benefit of every favorable inference and determine only whether the alleged facts fit within any cognizable legal theory" (Gagnon v Village of Cooperstown, N.Y., 189 AD3d 1724, 1725 [2020]; see McQuade v Aponte-Loss, 195 AD3d 1219, 1220 [2021]; Hilgreen v Pollard Excavating, Inc., 193 AD3d 1134, 1136 [2021], appeal dismissed 37 NY3d 1002 [2021]). That said, "the favorable treatment accorded to a plaintiff's complaint is not limitless and, as such, conclusory allegations — claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss" (F.F. v State of New York, 194 AD3d 80, 83-84 [2021] [internal quotation marks and citations omitted], appeal dismissed and lv denied ___ NY3d ___ [Oct. 12, 2021]; see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1219 [2017], affd 31 NY3d 1090 [2018]). To state a cause of action for discrimination under the Human Rights Law (see Executive Law § 296), "a plaintiff must plead facts that would tend to show (1) that he or she was a member of a protected class, (2) that he or she . . . suffered [*2]an adverse employment action, (3) that he or she was qualified to hold the position for which he or she . . . suffered [the] adverse employment action, and (4) that the . . . adverse employment action occurred under circumstances giving rise to an inference of . . . discrimination" (Godino v Premier Salons, Ltd., 140 AD3d 1118, 1119 [2016]; see Chiara v Town of New Castle, 126 AD3d 111, 119-120 [2015], lv dismissed 26 NY3d 945 [2015]).[FN1] Where a claim is made for age discrimination, "the complaint must also allege that someone younger replaced the [plaintiff], or include direct evidence of discriminatory intent or statistical evidence of discriminatory conduct" (Ashker v International Bus. Machs. Corp., 168 AD2d 724, 725 [1990]; see Sogg v American Airlines, 193 AD2d 153, 156 [1993], lv dismissed and denied 83 NY2d 754, 846 [1994]).
Turning first to plaintiff's claim for religious discrimination, the facts alleged by plaintiff tended to show that he was a member of a protected class, that he was denied a promotion to deputy bureau chief and that, based upon his many years of experience and outstanding performance evaluations, he was qualified for such position. However, in asserting that he was improperly denied the promotion to deputy bureau chief, plaintiff relied solely upon those allegations in the complaint relating to an asserted religious bias made relative to his unsuccessful bid for bureau chief and that defendants had a social relationship and acted in concert to deny plaintiff the promotion to bureau chief. Without further elaboration or specificity, plaintiff asserted that such actions also "resulted in" him being denied a promotion to deputy bureau chief, i.e., the religious discrimination that allegedly deprived him of his promotion to bureau chief necessarily "carried over" to the denial of his promotion to deputy bureau chief.[FN2] That sweeping allegation — devoid of specific facts from which it reasonably could be inferred that plaintiff was denied promotion to deputy bureau chief due to religious discrimination — was insufficient to survive defendants' motion to dismiss.
We reach a similar conclusion regarding plaintiff's cause of action for age discrimination. Plaintiff alleged that defendants discriminated against him in filling the position with "a younger person with no prior management or supervisory experience." Although an employer's knowledge of a significant age discrepancy between candidates for a particular position may give rise to an inference of age discrimination (see e.g. Testa v Carefusion, 305 F Supp 3d 423, 436 [ED NY 2018]; see generally Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 77 [2017]), the pleading here is silent as to the age of the successful candidate,[FN3] leaving plaintiff to rely upon defendants' alleged inquiries regarding when he was going to retire and defendant Meg Levine's alleged statement that she did not want to fill the position with someone who was near retirement to give rise [*3]to an inference of discrimination.
Accepting such statement and inquiries as true, merely inquiring as to an employee's retirement plans is — standing alone — insufficient to establish discriminatory intent (see e.g. Lefevers v GAF Fiberglass Corp., 667 F3d 721, 724 [6th Cir 2012]; Mike v Haylor, Freyer & Coon, 169 AD2d 911, 911-912 [1991]). Indeed, "discussion of retirement is common in offices, even between supervisors and employees," and "even direct references to a plaintiff's age are not necessarily indicative of discrimination" (Hamilton v Mount Sinai Hosp., 528 F Supp 2d 431, 447 [SD NY 2007], affd 331 Fed Appx 874 [2d Cir 2009]), as employers have legitimate business interests in planning to fill vacancies (see id.) and assessing "the economic consequences of [their] employment decisions" (Criley v Delta Air Lines, Inc., 119 F3d 102, 105 [2d Cir 1997], cert denied 522 US 1028 [1997]). Absent "further indicia of age-related animus" (McGuire-Welch v House of the Good Shepherd, 219 F Supp 3d 330, 344 [ND NY 2016], affd 720 Fed Appx 58 [2d Cir 2018]), plaintiff's cause of action for age discrimination was properly dismissed. Plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Plaintiff's assertion that Executive Law § 300 imposes a lesser pleading requirement is unpersuasive. Neither the liberal construction of the Human Rights Law (see Executive Law § 300) nor a favorable reading of plaintiff's complaint obviates the need for plaintiff to allege sufficient facts to state a cause of action for discrimination in the first instance.

Footnote 2: Notably, plaintiff did not allege discrimination based upon the religious affiliation of the successful candidate for the deputy bureau chief position.

Footnote 3: Defendants tendered an affidavit from this individual attesting to his age, but because defendants' motion to dismiss was not converted to one for summary judgment, we have confined our analysis to plaintiff's pleading and affidavits (see Carr v Wegmans Food Mkts., Inc., 182 AD3d 667, 668-669 [2020]).