Colt v Nathan Littauer Hosp. (2025 NY Slip Op 01690)

Colt v Nathan Littauer Hosp.

2025 NY Slip Op 01690

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CV-24-0183
[*1]Shannon Colt, Appellant,
v
Nathan Littauer Hospital, Respondent.

Calendar Date:January 13, 2025

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
Bond, Schoeneck & King, PLLC, Albany (Sanjeeve K. DeSoyza of counsel), for respondent.

Mackey, J.
Appeal from an order of the Supreme Court (Martin Auffredou, J.), entered December 28, 2023 in Fulton County, which granted defendant's motion to dismiss the complaint.
Plaintiff was formerly employed as a pediatrician for defendant and, as a part of her employment agreement, was required to "[c]omply with [defendant]'s governing policies." In 2021, following the promulgation of the mandate requiring certain hospital personnel to receive a COVID-19 vaccine, defendant implemented a policy that required plaintiff to obtain a first dose of a COVID-19 vaccine by September 27, 2021 (see 10 NYCRR former 2.61 [a] [2]; [c], repealed by NY St Reg, Oct. 4, 2023 at 22). Defendant's policy permitted personnel to seek exemptions from the COVID-19 vaccine requirement based on religious beliefs, although the state mandate did not provide for any specific religious exemptions. Plaintiff requested a religious exemption, but defendant denied her request, finding that she "did not demonstrate that [she] needed the requested exemption for a reason protected under applicable law." Plaintiff thereafter refused to comply with the vaccination policy and was consequently placed on administrative leave as of September 28, 2021. Plaintiff was subsequently terminated, following the expiration of the administrative leave period and her continued refusal to comply with defendant's vaccine policy. Plaintiff then commenced the instant action, asserting causes of action for breach of her employment contract and for punitive damages. In lieu of answering, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Over plaintiff's opposition, Supreme Court granted defendant's motion. Plaintiff appeals.
"When presented with a motion to dismiss under CPLR 3211, [this Court] must accept the facts alleged in the complaint as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Singe v Bates Troy, Inc., 206 AD3d 1528, 1530 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Easterbrooks v Schenectady County, 218 AD3d 969, 969 [3d Dept 2023]; Brown v University of Rochester, 216 AD3d 1328, 1330 [3d Dept 2023]). "[W]here dismissal is sought pursuant to CPLR 3211(a) (7)[,] . . . the criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one" (Bennett v Bennett, 223 AD3d 1013, 1014 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Cagino v Levine, 199 AD3d 1103, 1104 [3d Dept 2021]). Additionally, "[a] court may grant a motion seeking dismissal pursuant to CPLR 3211 (a) (1) only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Shephard v Friedlander, 195 AD3d 1191, 1193 [3d Dept 2021] [internal quotation marks and citations omitted]; see Hartshorne v Roman [*2]Catholic Diocese of Albany, N.Y., 200 AD3d 1427, 1429 [3d Dept 2021]; A Great Choice Lawncare & Landscaping, LLC v Carlini, 167 AD3d 1363, 1363- 1364 [3d Dept 2018]). "Materials that clearly qualify as documentary evidence include documents such as . . . contracts, and any other papers, the contents of which are essentially undeniable" (Carr v Wegmans Food Mkts., Inc., 182 AD3d 667, 668 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]).
Plaintiff contends that Supreme Court improperly granted defendant's motion to dismiss because she "clearly allege[d] a cause of action for breach of contract" by referring multiple times to the employment agreement and by alleging that she was "unlawfully fired" in breach of the agreement. Plaintiff also argues that neither the Commissioner of Health nor defendant possessed the authority to require that plaintiff receive a COVID-19 vaccine. Plaintiff further asserts that she should have received a religious exemption from the vaccine requirement and that the Department of Health's policy had no rational basis. Plaintiff also asserts that she should be awarded punitive damages.
"[T]o recover for a breach of contract, a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach" (Collyer v LaVigne, 202 AD3d 1335, 1339-1340 [3d Dept 2022] [internal quotation marks and citations omitted], lv dismissed 39 NY3d 925 [2022]; see New York Mun. Power Agency v Town of Massena, 188 AD3d 1517, 1519 [3d Dept 2020]; Vestal v Pontillo, 158 AD3d 1036, 1041 [3d Dept 2018]). "When a written agreement is complete, clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole" (Modern Mktg. Concepts, Inc. v GAF Materials LLC, 195 AD3d 1204, 1205 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]). "In order to adequately plead a cause of action for breach of contract, . . . the complaint must allege the provisions of the contract that were allegedly breached" (Woodhill Elec. v Jeffrey Beamish, Inc., 73 AD3d 1421, 1422 [3d Dept 2010] [citations omitted]; see Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1042 [3d Dept 2014]). This Court's "role is not to interpret the contract, but to determine whether defendant[ ] met [its] burden of proffering documentary evidence conclusively refuting plaintiff's allegations" (Shephard v Friedlander, 195 AD3d at 1194; accord Boland's Excavating & Topsoil, Inc. v Bradford Cent. Sch. Dist., 231 AD3d 1523, 1523 [4th Dept 2024]). Additionally, "a demand for punitive damages does not amount to a separate cause of action for pleading purposes" (Park v YMCA of Greater N.Y. Flushing, 17 AD3d 333, 334 [2d Dept 2005]; see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [[*3]1994]; Doller v Prescott, 167 AD3d 1298, 1301 [3d Dept 2018]).
In support of its motion to dismiss, defendant pointed to plaintiff's employment agreement, which was first executed in 2010 when plaintiff was initially hired. Plaintiff was reappointed in 2015 and her appointment was then extended through 2023. In the employment agreement, plaintiff agreed to "[c]omply with [defendant]'s governing policies[,] e.g., the bylaws of [defendant], the bylaws of [defendant's] medical staff, and all policies, rules and regulations established from time to time by [defendant's] Board of Directors." The termination clause of the employment agreement states that if plaintiff "materially breaches any one or more of the provisions of this [a]greement and fails to cure such breach within thirty (30) days after [defendant] delivers written notice to [plaintiff], stating the alleged breach," then defendant could terminate the contract. The agreement also states that defendant could terminate it if plaintiff engaged "in any unprofessional conduct that interferes with or impairs the treatment, care or safety of patients." Defendant also submitted its COVID-19 vaccine policy and its written denial of plaintiff's request for a religious exemption.
Preliminarily, Supreme Court properly dismissed plaintiff's second cause of action seeking punitive damages. While defendant contends that plaintiff failed to challenge the dismissal of this claim on appeal, she briefly renewed her request for punitive damages in her brief (compare Matter of RT 13 Rocks LLC v Town of Cortlandville, 229 AD3d 1018, 1020 [3d Dept 2024]; Wheat v Town of Forestburgh, 223 AD3d 1134, 1135 n 2 [3d Dept 2024]; Matter of Lehigh Portland Cement Co. v Assessor of Town of Catskill, 263 AD2d 558, 560 [3d Dept 1999]). In any event, it has long been established that "New York does not recognize an independent cause of action for punitive damages" (Gershman v Ahmad, 156 AD3d 868, 868 [2d Dept 2017] [internal quotation marks and citations omitted]) and " '[p]unitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights' " (Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 102 AD3d 1033, 1037 [3d Dept 2013], quoting Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d at 613). Thus, the court properly dismissed plaintiff's second cause of action for punitive damages (see Doller v Prescott, 167 AD3d at 1301; Yong Wen Mo v Gee Ming Chan, 17 AD3d 356, 359 [2d Dept 2005]).
Supreme Court also properly granted defendant's motion to dismiss plaintiff's claim for breach of contract. Although plaintiff alleged that defendant breached her employment agreement, she failed to address which section of the contract defendant allegedly breached or how. Regardless of the adequacy of plaintiff's pleadings, under the employment agreement, which qualifies as documentary evidence for the purposes of CPLR 3211 (a) (1) (see Carr v Wegmans Food [*4]Markets, Inc., 182 AD3d at 668), defendant clearly had the right to require plaintiff to comply with the vaccination policy. It is undisputed that defendant complied with the notice requirements set forth in the policy and that plaintiff breached by refusing to be vaccinated. Accordingly, plaintiff failed to adequately state a claim for breach of contract (see Cagino v Levine, 199 AD3d at 1104-1106; Modern Mktg. Concepts, Inc. v GAF Materials LLC, 195 AD3d at 1205; Zeppieri v Vinson, 190 AD3d 1173, 1174-1176 [3d Dept 2021]; compare Bennett v Bennett, 223 AD3d at 1014-1017; Carr v Wegmans Food Markets, Inc., 182 AD3d at 670). Plaintiff's argument that she states a cause of action because the COVID-19 vaccine mandate was later found to be unconstitutional is unavailing. The agreement required her to "[c]omply with [defendant]'s governing policies," without specifying what defendant's policies may be based upon. The constitutionality of the state mandate is thus irrelevant to her breach of contract claim (cf. Campagna v New York City Police Dept., 231 AD3d 531, 532 [1st Dept 2024]; Matter of Tanya N.C. v Bryant P., 226 AD3d 485, 485 [1st Dept 2024]; Matter of Kalcheva [Molloy Univ.-Commissioner of Labor], 224 AD3d 1077, 1079 [3d Dept 2024]; Matter of Parks [Commissioner of Labor], 219 AD3d 1099, 1101- 1102 [3d Dept 2023], lv denied 41 NY3d 910 [2024]). Based on the foregoing, pursuant to CPLR 3211 (a) (1) and (7), plaintiff's complaint was properly dismissed.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.