Matter of Indeck-Corinth L.P. v Assessor for the Town of Corinth (2025 NY Slip Op 02249)

Matter of Indeck-Corinth L.P. v Assessor for the Town of Corinth

2025 NY Slip Op 02249

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

CV-23-2232
[*1]In the Matter of Indeck-Corinth Limited Partnership, Respondent,
v
Assessor for the Town of Corinth et al., Appellants. (And Six Other Related Proceedings.)

Calendar Date:February 18, 2025

Before:Ceresia, J.P., Fisher, McShan and Mackey, JJ.

Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for appellants.
Bond, Schoeneck & King, PLLC, Syracuse (Jonathan B. Fellows of counsel), for respondent.

Ceresia, J.P.
Appeal from an order of the Supreme Court (James Walsh, J.), entered October 19, 2024 in Saratoga County, which, among other things, in seven proceedings pursuant to RPTL article 7, granted petitioner's motion for an order enforcing a prior order issued on consent.
Beginning in 2016, petitioner filed a series of petitions challenging the tax assessment of, as relevant here, a parcel it owns in the Town of Corinth, Saratoga County. Following a tax certiorari trial held in 2021, Supreme Court found that respondents' assessment of the property was excessive and should be reduced. The parties thereafter reached a settlement concerning the assessed value of the property and the amount of tax refund owed to petitioner. This agreement was reduced to a consent order and settlement stipulation executed in August 2022. In March 2023, petitioner moved to enforce the terms of the consent order, arguing that it had overpaid taxes for the year 2022 and respondents had failed to properly issue a refund for that year, as required by the parties' agreement. Respondents opposed and cross-moved for sanctions. The court granted petitioner's motion to enforce the consent order and denied respondents' cross-motion. Respondents appeal.
As a preliminary matter, we reject petitioner's argument that this appeal should be dismissed because it was taken from Supreme Court's enforcement order, rather than from the judgment that was subsequently entered. The enforcement order, which interprets the consent order and determines the rights and obligations of the parties, "involves some part of the merits" (CPLR 5701 [a] [2] [iv]) and "affects a substantial right" (CPLR 5701 [a] [2] [v]; see Hayes v Bette & Cring, LLC, 135 AD3d 1058, 1059 [3d Dept 2016]; B.J. 96 Corp. v Mester, 262 AD2d 732, 733 [3d Dept 1999]). Therefore, the appeal is properly before this Court.
Turning to the merits, the parties' settlement agreement as memorialized in the consent order may be briefly summarized as follows. Petitioner was entitled to a $4.75 million refund for tax years 2016 through 2021, to be paid to petitioner by October 14, 2022. The property would be assessed at reduced values for tax years 2022 through 2031. Given that the agreement was finalized in the middle of 2022, it contained a specific provision with respect to the "2022 tax year," contained in paragraph six: any tax bills and/or tax rolls for the 2022 tax year were to be corrected by October 14, 2022 to reflect the agreed-upon reduced assessment, and if petitioner had already paid any tax bills based upon the unreduced assessment, it would be entitled to a refund, again to be paid by October 14, 2022.
The issue in this case distills to the meaning of paragraph six and, in particular, what the parties meant when they referred to the "2022 tax year."[FN1] Petitioner argues that this term referred to the tax bills issued in the year 2022 and contemplated that it would be reimbursed for any overpayment of taxes as reflected in those [*2]bills. In support of its argument, petitioner submitted proof that it received tax bills in 2022 that were based upon the unreduced assessment, and that it paid those bills. Accordingly, petitioner asserts that it is entitled to a refund. Respondents, on the other hand, contend that this term was meant to refer to tax bills based upon the 2022 assessment, which bills were issued in the year 2023, and that petitioner would be entitled to a refund only if respondents failed to reduce the 2022 assessment. Since respondents did reduce the 2022 assessment, as reflected in the tax bills issued in January and May 2023, they claim that petitioner is not entitled to any refund.
We agree with Supreme Court that respondents' argument does not comport with paragraph six's provisions regarding the 2022 tax year. As noted above, the parties agreed in that paragraph that any overpayment of taxes for the 2022 tax year was required to be refunded no later than October 14, 2022. This would be impossible if, as respondents claim, paragraph six pertained to tax bills that were not even issued until January and May 2023. "[G]iving a practical interpretation to the language employed and reading the [consent order] as a whole" (Modern Mktg. Concepts, Inc. v GAF Materials LLC, 195 AD3d 1204, 1205 [3d Dept 2021] [internal quotation marks and citations omitted]), the court did not err in finding that petitioner is entitled to a refund for its overpayment of taxes in 2022 under paragraph six.
Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: While respondents argue that the term "tax year" is fictitious and has no bearing upon municipal assessment calendars, this term was used throughout the consent order, which was extensively negotiated and ultimately agreed to by respondents, such that its meaning must be deciphered.