Lueck v State of New York (2026 NY Slip Op 01103)

Lueck v State of New York

2026 NY Slip Op 01103

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

CV-24-1901
[*1]Michael C. Lueck, Appellant,
vState of New York, Respondent.

Calendar Date:January 13, 2026

Before:Aarons, J.P., Pritzker, Ceresia, Powers and Mackey, JJ.

Sussman & Associates, Goshen (Michael H. Sussman of counsel), for appellant.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Court of Claims (Zainab Chaudhry, J.), entered October 30, 2024, which granted defendant's motion to dismiss the claim.
In May 2021, a newspaper reported that claimant had been arrested and charged with a felony. This was untrue, and after being contacted by the State Police, the newspaper issued a retraction, stating that their original report had been based upon an erroneous State Police blotter item. Subsequently, claimant filed the instant claim, contending that he had been defamed by the State Police. Defendant moved to dismiss the claim on the grounds that claimant had failed to adequately plead his claim pursuant to Court of Claims Act § 11 (b) and CPLR 3016 (a). The Court of Claims granted defendant's motion, and claimant appeals.
We reverse. The claim alleged, in relevant part, as follows: "[o]n May 8, 2021, . . . a newspaper of general circulation . . . published the following: 'Michael C. Lueck, 47, of Red Hook, was arrested by [S]tate [P]olice at Claverack in the Village of Red Hook at 10:30 a.m. Friday, May 7, and charged with unlawful surveillance, a felony' . . . . The information contained in this news item was incorrect in that . . . claimant was neither arrested nor charged with a felony. . . . On May 10, 2021, the [newspaper] printed a retraction which stated as follows, 'Michael C. Lueck was not arrested and charged with a felony. Because of incorrect information provided by [S]tate [P]olice, a blotter item incorrectly reported that he was.' "
Turning to defendant's first argument for dismissal, Court of Claims Act § 11 (b) necessitates that a claim "state the time when and place where such claim arose [and] the nature of same" (see Berg v State of New York, 228 AD3d 1077, 1077 [3d Dept 2024]). "Absolute exactness is not required, but a claim must provide a sufficiently detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability" (id. at 1077 [internal quotation marks, brackets and citations omitted]; see Katan v State of New York, 174 AD3d 1212, 1213 [3d Dept 2019]). We find that claimant satisfied these requirements. The pleading alleged that the claim arose on the State Police blotter at a time between claimant's purported arrest on May 7, 2021 and the newspaper report of it on May 8, 2021, and that the nature of the claim was one for defamation based upon the publishing of the erroneous blotter item. This furnished appropriate specificity to allow defendant to investigate and promptly ascertain the extent of its liability (see Berg v State of New York, 228 AD3d at 1077). Indeed, it is noteworthy that, by the time the claim was filed, the State Police had long since conducted a prompt investigation into the matter, leading to the newspaper's retraction.
As for defendant's second argument for dismissal, CPLR 3016 (a), which pertains to defamation actions, mandates that "the particular words complained of [*2]shall be set forth in the complaint" (CPLR 3016 [a]; see Carr v Wegmans Food Mkts., Inc., 182 AD3d 667, 669-670 [3d Dept 2020]). The claim must also set forth "the time, manner and persons to whom the alleged defamatory statements were made" (Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1560 [3d Dept 2010] [internal quotation marks and citation omitted]). Again, we conclude that these requirements were met (see Carr v Wegmans Food Mkts., Inc., 182 AD3d at 669-670; Wilcox v Newark Val. Cent. School Dist., 74 AD3d at 1560; compare Rosen v Price Chopper, 239 AD3d 1132, 1133 [3d Dept 2025]). In referencing the newspaper's published retraction, the claim stated that claimant had not been arrested and charged with a felony notwithstanding the fact that the State Police blotter wrongly reported that he was. Viewed in the light most favorable to claimant, this was sufficient to convey the particular words comprising the basis of the alleged defamation (see Moreira-Brown v City of New York, 71 AD3d 530, 530 [1st Dept 2010]). Additionally, as noted above, the time and manner of the claim were adequately articulated. Finally, with regard to whom the statement in the blotter was made, the claim satisfactorily indicated that it was disseminated to news organizations, including the newspaper in question.
In view of all of the foregoing, the motion to dismiss the claim should have been denied.
Aarons, J.P., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and motion to dismiss denied.