Draina v Town of Ballston
2026 NY Slip Op 03863
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dolores Draina, Appellant,
v
Town of Ballston et al., Respondents.

Decided and Entered:June 18, 2026
CV-25-1480
Calendar Date: April 30, 2026
Before: Pritzker, J.P., Ceresia, Fisher, Mcshan And Corcoran, JJ.

Peter C. Lomtevas, Esq., PC, Schenectady (Peter C. Lomtevas of counsel), for appellant.
Tabner, Ryan & Keniry, LLP, Albany (William F. Ryan Jr. of counsel), for Town of Ballston and others, respondents.
Law Offices of John Wallace, Albany (Aaron T. Clarke of counsel), for Saratoga County and another, respondents.

[*1]
Corcoran, J.
Appeal from an order of the Supreme Court (Dianne Freestone, J.), entered July 22, 2025 in Saratoga County, which granted defendants' motions to dismiss the complaint.
Plaintiff owns real property near Ballston Lake in the Town of Ballston, Saratoga County, including two parcels bisected by Outlet Road. In April 2024, defendant Town of Ballston installed guardrails within its right-of-way along Outlet Road, allegedly preventing plaintiff from freely crossing the road between her parcels. Plaintiff served a notice of claim upon the municipal defendants and appeared for a hearing pursuant to General Municipal Law § 50-h. Plaintiff thereafter commenced this action against defendant Town of Ballston, certain town officials and defendant Saratoga County, claiming that the guardrails constituted an illegal taking in violation of the EDPL and asserting causes of action for trespass, conversion, negligent misrepresentation, public and private nuisance, unjust enrichment, civil conspiracy and discrimination. Before answering, the Town moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and the County separately moved to dismiss on similar grounds. Following oral argument, Supreme Court granted each defendant's motion to dismiss, concluding, among other things, that the guardrails were installed within the Town's right-of-way and that the complaint failed to state any cognizable cause of action. Plaintiff appeals, and we affirm.
Plaintiff's parcels are situated on opposite sides of Outlet Road, which leads to a public fishing pier and parking area on Ballston Lake. In April 2024, to deter vehicles from parking along the shoulder of Outlet Road to unload kayaks and other equipment closer to the pier, the Town installed guardrails on portions of the roadway, including along the frontage of plaintiff's properties. It is undisputed that the guardrails were placed entirely within the Town's right-of-way and did not encroach upon plaintiff's property. Plaintiff first learned of the project on the first day of construction. Plaintiff's request that the Town create an opening in the guardrails to allow unfettered passage between her parcels was ultimately rebuffed by town officials due to purported safety concerns. Plaintiff previously crossed Outlet Road without obstruction to access her parcels but alleges that she now must jump or step over the guardrails while navigating traffic. At a General Municipal Law § 50-h hearing, plaintiff conceded that the County played no role in the installation of the guardrails or the underlying project.
"When presented with a motion to dismiss under CPLR 3211, this Court must accept the facts alleged in the complaint as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Estate of Middleton v CLR Troy LLC, 247 AD3d 1422, 1423 [3d Dept 2026] [internal quotation marks and citations omitted]). Our role [*2]is not to assess the ultimate merits of the claim, but rather to determine whether the pleading states a cause of action (see De La Roca v Schacht, 244 AD3d 1570, 1572 [3d Dept 2025]; Brown v University of Rochester, 224 AD3d 1180, 1181 [3d Dept 2024]). "This favorable treatment, however, is not limitless" (Doe v Tobin & Dempf, LLP, 247 AD3d 1320, 1322 [3d Dept 2026] [internal quotation marks and citations omitted]), and allegations consisting of bare legal conclusions are not entitled to such consideration (see Estate of Middleton v CLR Troy LLC, 247 AD3d at 1426; Cagino v Levine, 199 AD3d 1103, 1104 [3d Dept 2021]).
Applying these standards, Supreme Court correctly determined that plaintiff failed to state a cause of action alleging a violation of the EDPL. Plaintiff's theory, as framed in the complaint and on appeal, is not that defendants acquired any interest in her property, but that the installation of the guardrails interfered with her ability to use her land. "[A] typical Takings Clause case involves the government's physical acquisition or use of private land without compensation, . . . its monetary exaction from a property owner in lieu of a transfer of their private property interest" or "governmental action [that] results in a permanent physical occupation of the [private] property" (Matter of Coalition for Fairness in Soho & Noho, Inc. v City of New York, ___ NY3d ___, ___, 2026 NY Slip Op 00076, *2, 4 [2026] [internal quotation marks, brackets and citations omitted]). However, "a property interest must exist before it may be taken" (Matter of Gazza v New York State Dept. of Envtl. Conservation, 89 NY2d 603, 613 [1997] [internal quotation marks and citations omitted], cert denied 522 US 813 [1997]). Accordingly, the EDPL is implicated only where there has been a taking of private land or an "[a]cquisition," defined as the "act of vesting of title, right or interest to, real property for a public use, benefit or purpose, by virtue of the condemnor's exercise of the power of eminent domain" (EDPL 103 [A]; see Hargett v Town of Ticonderoga, 13 NY3d 325, 329 [2009]). A "[c]ondemnee" is defined as "the holder of any right, title, interest, lien, charge or encumbrance in real property subject to an acquisition or proposed acquisition" (EDPL 103 [C] [emphasis added]). Here, however, the complaint alleges no actual nor proposed vesting, and the guardrails were installed entirely within the Town's right-of-way. Thus, even accepting plaintiff's allegations that the guardrails affect her use of her property, such interference does not constitute an acquisition within the meaning of the EDPL (see EDPL 103 [A]). Likewise, plaintiff did not plead any alternative cause of action under which she could seek just compensation for an alleged de facto taking of her property by a defendant which has not invoked its formal eminent domain authority (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 785-786 [2012]; Dagro Assoc., LLC v City of Yonkers, 246 AD3d [*3]1023, 1026-1027 [2d Dept 2026]). Plaintiff's related contention that defendants violated her due process rights by failing to comply with the procedural requirements of the EDPL is likewise unavailing because those procedures are not implicated absent an actual or proposed acquisition. Accordingly, these claims were properly dismissed.
Plaintiff's causes of action for trespass and conversion were also properly dismissed, as they depend on the same alleged wrongful conduct as the "takings" claim. Both causes of action require interference with property belonging to plaintiff. A trespass requires an unauthorized entry upon the land of another (see Krakovski v Stavros Assoc., LLC, 245 AD3d 696, 698 [2d Dept 2026]), yet the complaint alleges that the guardrails were installed entirely within the Town's right-of-way and did not encroach upon plaintiff's property. "A conversion occurs when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession. Two key elements of conversion are (1) the plaintiff's possessory right or interest in the property and (2) the defendant's dominion over the property or interference with it, in derogation of the plaintiff's rights" (Ciprich v Atwood, 163 AD3d 1332, 1334 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]). "The subject matter of a conversion action must constitute identifiable tangible personal property; real property . . . will not suffice" (ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 931-932 [3d Dept 2012] [internal quotation marks, brackets and citations omitted]). Here, the complaint alleges neither an intrusion on plaintiff's land nor interference with any item of her personal property. Accordingly, these causes of action were properly dismissed.
Supreme Court also properly dismissed plaintiff's cause of action alleging negligent misrepresentation. To state such a claim, a plaintiff must allege the existence of a special relationship giving rise to a duty to impart correct information, that false information was provided and that the plaintiff reasonably relied upon that information (see Lin Chen v Zum Dev., Inc., 248 AD3d 728, 732 [2d Dept 2026]; Kurtz v Foy, 65 AD3d 741, 743 [3d Dept 2009]). "A special relationship may be established by persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 [2011] [internal quotation marks and citation omitted]). Here, the complaint does not specify any false representation of fact; instead, it alleges merely that town officials advised plaintiff they would consider her request for openings in the guardrails. Additionally, the complaint is devoid of factual allegations of a special relationship between plaintiff [*4]and defendants. Accordingly, this cause of action was properly dismissed.
Supreme Court also properly dismissed plaintiff's cause of action alleging unjust enrichment. "The theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Colgate Inn, LLC v Eberhardt, LLC, 206 AD3d 1197, 1200 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]). Plaintiff seemingly claims that defendants benefitted by diminishing the value of her property while taxing it as if no change had occurred, amounting to "conversion" of her "tax refund." Under either formulation, however, the claim is tantamount to a challenge to her property tax assessment. The exclusive method for challenging a real property tax assessment as "excessive" (RPTL 706 [1]) is through a tax certiorari proceeding, which requires, as a condition precedent, the filing of a grievance with the appropriate assessing authority (see RPTL 700; Matter of Coden v Assessor of the Town of Huntington, 241 AD3d 1460, 1461-1462 [2d Dept 2025]; Level 3 Communications, LLC v Jiha, 162 AD3d 465, 465 [1st Dept 2018], lvs denied 32 NY3d 906 [2018], 32 NY3d 917 [2019]; Matter of Adams v Schoenstadt, 57 AD3d 1073, 1074 [3d Dept 2008], lv dismissed 12 NY3d 769 [2009]). Here, plaintiff did not allege that she filed such a grievance or commenced a tax certiorari proceeding. Accordingly, to the extent the unjust enrichment or conversion causes of action were premised upon the overvaluation or improper taxation of her property, they are not cognizable in this action, and they were properly dismissed.
With respect to the causes of action alleging public and private nuisance, plaintiff does not challenge Supreme Court's reliance on the fact that the guardrails were installed within the Town's right-of-way; thus, plaintiff has abandoned any argument that dismissal on that basis was erroneous. Instead, plaintiff argues only that Supreme Court failed to adequately explain its decision and did not consider certain evidence.FN1An order determining a motion shall "give the determination or direction in such detail as the judge deems proper" (CPLR 2219 [a]). "In other words, a court owes litigants some explanation of its determinations and clarity of its directives, but has broad discretion in determining the level of detail that it provides . . . , and discerning which case calls for a heightened level of detail is part of the subjective art of judging" (Charalabidis v Elnagar, 188 AD3d 44, 49 [2d Dept 2020] [citation omitted]; see Neptune Issue Inc. Profit Sharing Plan v Eliopoulos, 242 AD3d 1474, 1475 n 2 [3d Dept 2025]; Ruderman v City of New York, 142 AD3d 863, 863 [1st Dept 2016], lv denied 28 NY3d 913 [2017]). Here, Supreme Court sufficiently explained its determinations and the basis for dismissing each cause of action in its order.
Supreme Court also properly dismissed plaintiff's [*5]claim for civil conspiracy to commit a tort. A claim for civil conspiracy may only be asserted to connect the action of separate defendants with an otherwise actionable tort where "there are allegations of a primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury" (Cohen & Lombardo, P.C. v Connors, 169 AD3d 1399, 1402 [4th Dept 2019] [internal quotation marks and citation omitted]; see Baker v Vanderbilt Co., 260 AD2d 750, 752-753 [3d Dept 1999]). Here, the primary tort alleged in the complaint is the "tak[ing of p]laintiff's right to her land," which we have already found fails to state a cause of action. Because civil conspiracy depends upon a valid, underlying tort, Supreme Court correctly dismissed this claim.
Finally, plaintiff's discrimination claim was also properly dismissed. The complaint alleges, in conclusory fashion, that plaintiff was treated differently from two neighboring landowners, but it fails to allege facts demonstrating that those individuals were similarly situated. Nor does the complaint allege that any differential treatment was based upon an impermissible classification (see Matter of Clarke v Azar, 233 AD3d 1396, 1398 [3d Dept 2024], appeal dismissed 43 NY3d 999 [2025]).
Plaintiff's remaining contentions have been reviewed and found to be lacking in merit or academic.
Pritzker, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1
Based upon the limitation of the brief, we need not further analyze dismissal of plaintiff's private nuisance claim, though a defendant may be liable for this tort based upon its use of its own property "that substantially and unreasonably interferes with other people's use and enjoyment of their property" (Duffy v Baldwin, 183 AD3d 1053, 1054 [3d Dept 2020] [internal quotation marks and citations omitted]; see Trask v Tremper Prop. Assn., Inc., 122 AD3d 1206, 1209 [3d Dept 2014]).